IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE LUIS LEAL, | ) |
|                   Plaintiff, | ) |
| vs. | ) Case No. 3:22-cv-01172-SMY |
| PINKERTON, et al., | ) |
|                   Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Jorge Luis Leal, a former inmate in the Williamson County Jail, filed the instant lawsuit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) for alleged deprivations of his constitutional rights as a federal prisoner.[1] This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### Discussion

Because Plaintiff asserts claims against local officials, 42 U.S.C. § 1983 – not the FTCA or *Bivens* – is the proper avenue for prosecuting his claims, regardless of his status as a federal prisoner.[2] That said, Plaintiff cannot proceed pursuant to § 1983 based on the current Complaint.

Plaintiff's Complaint violates Federal Rule of Civil Procedure 8, which requires "a short

---

[1] Plaintiff designated this action as a "Civil Rights Complaint pursuant to 28 U.S.C. § 1331 (Federal Prisoner)" on the Court's standard complaint form.
[2] The FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. The United States is the only proper defendant in a FTCA action. *See Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008). *Bivens* provides a damages remedy for certain federal rights violations committed by federal agents. Plaintiff does not name the United States or any federal agents as defendants.

and plain statement of the claim showing that the pleader is entitled to relief" and "simple, concise, and direct" allegations. FED. R. CIV. P. 8(a), (d)(1). The Complaint is 157 pages long and asserts various claims against 16 defendants. The allegations are not contained in separately numbered paragraphs as required by Rule 10(b), and it is unclear what is intended as allegations versus exhibits.

Plaintiff also fails to associate specific defendants with specific claims. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff brings his claims under § 1983, he must allege that each defendant was personally involved in the alleged deprivation of a constitutional right. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014). An allegation that a group of defendants violated Plaintiff's rights does not comply with Rule 8 and *Twombly*. Plaintiff must instead describe what each defendant did or failed to do to violate his constitutional right.

Plaintiff's Complaint also violates the rules of joinder. FED. R. CIV. P. 18-21. His claims involve different defendants, arise from separate transactions or occurrences, and hinge on different legal theories. Federal Rule of Civil Procedure 20 prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit. Multiple defendants may not be joined in a single action, unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents a question of law or fact common to all. *See* FED. R. CIV. P. 20; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). As such, Plaintiff must decide which related claims he will bring against the defendant(s) and may file separate lawsuits to address all other claims.[3] *See Dorsey v. Varga*, -- F.4th --, 2022 WL 17688525 (7th Cir. decided Dec. 15, 2022) (recommending that district courts faced with improper joinder problems strike a prisoner

---

[3] Plaintiff should be aware that a two-year statute of limitations applies to his claims under 42 U.S.C. § 1983.

complaint and allow at least one amendment before screening under 28 U.S.C. § 1915A).

For the foregoing reasons, the Complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted. Plaintiff will be given an opportunity to file an amended complaint.

## Disposition

The Complaint is **DISMISSED without prejudice** and with leave to file a First Amended Complaint by March 13, 2023. The First Amended Complaint will be subject to review under 28 U.S.C. § 1915A.

Should Plaintiff file a First Amended Complaint, it is strongly recommended that he use the civil rights complaint form designed for use in this District. **He should label the form "First Amended Complaint" and use the case number for this action (No. 22-cv-1172-SMY)**. Plaintiff should identify each defendant in the case caption and include sufficient allegations against each defendant to describe what the defendant did or failed to do to violate his constitutional rights, *see DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990) (a successful complaint generally alleges "the who, what, when, where, and how. . . ."), and as much as possible, include the relevant facts in chronological order, inserting each defendant's name where necessary to identify the actors and each defendant's actions. He should succinctly state his claims and focus only on related claims involving common legal theories and defendants.[4] To facilitate Plaintiff's compliance with this Order, the Clerk of Court is **DIRECTED** to mail him a civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1

---

[4] Plaintiff is not required to offer evidence in support of his claims at this time. If he chooses to do so, he should clearly mark the documents that are exhibits.

3

(7th Cir. 2004). Therefore, the Court will not accept piecemeal amendments to a previously filed Complaint. The First Amended Complaint must stand on its own, without reference to any previous pleading.

If Plaintiff fails to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the case will be dismissed with prejudice for failure to state a claim for relief, failure to comply with a court order, and for failure to prosecute his claims. The dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 14, 2023**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**