IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JORGE LUIS LEAL, #14448-025,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. 3:22-cv-01172-SMY |
| | ) |
| **LT. PINKERTON,** | ) |
| **C/O TOMMY,** | ) |
| **C/O CRAIG,** | ) |
| **SGT. CROWSON,** | ) |
| **C/O YINGLING,** | ) |
| **C/O ETHERTON,** | ) |
| **SGT. STARLING,** | ) |
| **NURSE REYNOLDS,** | ) |
| **SGT. ETHERTON,** | ) |
| **LT. HAVENS,** | ) |
| **CHIEF HUNTER,** | ) |
| **C/O CROMPTON,** | ) |
| **C/O NORTH,** | ) |
| **C/O FREEMAN,** | ) |
| **C/O GIBBS,** | ) |
| **C/O FOSTER,** | ) |
| **C/O ALLEN,** | ) |
| **C/O CREEK,** | ) |
| **and C/O BANDIT,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER SEVERING CASE

**YANDLE, District Judge:**

Plaintiff Jorge Luis Leal filed a First Amended Complaint (Doc. 20) pursuant to 42 U.S.C. § 1983 for alleged constitutional deprivations during his pretrial detention at Williamson County Jail. Upon review of the First Amended Complaint under 28 U.S.C. § 1915A, the Court identified 20 separate claims. (Doc. 23). Counts 1 through 10 remain included in this action and were screened under 28 U.S.C. § 1915A. *Id*. However, Counts 11 through 20 were improperly joined with Counts 1 through 10, and Plaintiff was given an opportunity to decide whether to pursue these

claims in two additional severed actions or dismiss them without prejudice from this action. Plaintiff has now advised the Court that he wishes to proceed with the claims in two additional cases. (Doc. 34).

Accordingly, the Clerk of Court is **DIRECTED** to open two new cases, as follows:

**Severed Case 1:** ***Leal v. Hunter, Pinkerton, Havens, Starling, Crowson,*** **and** ***Etherton***

- **Count 11:** Fourteenth Amendment claim against Hunter, Pinkerton, Havens, and Starling for housing protective custody inmates alongside inmates in medical and administrative segregation and denying Plaintiff access to essential services or programs from August 1, 2021 until June 30, 2022.

- **Count 12:** First and/or Fourteenth Amendment claim against Hunter, Pinkerton, and Havens for interfering with Plaintiff's access to the courts by confiscating his legal documents during a cell shakedown on August 12, 2021.

- **Count 13:** First and/or Fourteenth Amendment claim against Hunter, Pinkerton, Havens, and Starling for punishing the entire housing unit when an inmate attempted to retrieve legal documents from August 13 to September 2, 2021.

- **Count 14:** Fourteenth Amendment claim against Hunter, Crowson, Etherton, Havens, and Pinkerton for mishandling Plaintiff's grievances from September 16 until November 5, 2021.

**Severed Case 2:** ***Leal v. Hunter, Pinkerton, Crowson, Etherton, Havens, Crompton, North, Yingling, Freeman, Gibbs, Allen, and Creek.***

- **Count 15:** Fourteenth Amendment claim against Crowson, Etherton, Havens, Pinkerton, and Hunter for placing Plaintiff on lockdown with no access to essential services while investigating a PREA claim against him from November 23 until December 8, 2021.

- **Count 16**: Fourteenth Amendment claim against Crompton for denying Plaintiff mental health treatment necessitated by the PREA investigation from November 23 until December 8, 2021.

- **Count 17:** First Amendment claim against North, Yingling, and Freeman for retaliating against Plaintiff for filing a lawsuit by conducting a shakedown of his cell in December 2021 or January 2022.

- **Count 18:** Fourteenth Amendment claim against Hunter, Allen, North, and Havens for denying Plaintiff's grievance about the shakedown.

**Count 19:** First and/or Fourteenth Amendment claim against Gibbs for opening two pieces of mail outside of Plaintiff's presence on January 26, 2022.

**Count 20:** Fourteenth Amendment claim against Hunter, Creek, Etherton, and North for denying Plaintiff's related grievance about mail interference that occurred on January 26, 2022.

The Clerk is **DIRECTED** to file the Motion for Leave to Proceed *in forma pauperis* (Doc. 3), Prison Trust Fund Statements (Docs. 9 and 10), First Amended Complaint (Doc. 20), Order for Service of Process (Doc. 23), and this Order in each new case.

The Motion for Leave to Proceed *in forma pauperis* is **GRANTED**, consistent with the Order at Doc. 11, and the Clerk is **DIRECTED** to assess the appropriate initial partial filing fee for each newly severed case.

Once the new cases are opened, Plaintiff will be required to submit a Consent/Non-Consent to Proceed Before a Magistrate Judge Jurisdiction form in each case.

The claims in each new case will also be subject to review under the standards of 28 U.S.C. § 1915A. **COUNTS 11** through **20** are **DISMISSED** with prejudice from *this action*.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   January 12, 2024**           *s/ Staci M. Yandle*
                                        **STACI M. YANDLE**
                                        **United States District Judge**