IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JORGE LUIS LEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-1172-RJD |
| | ) | |
| LT. PINKERTON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge[1]:**

Plaintiff Jorge Luis Leal filed this action under 42 U.S.C. § 1983 for alleged constitutional deprivations during his pretrial detention at Williamson County Jail. (Doc. 23). Following the threshold review of his First Amended Complaint (Doc. 20), Plaintiff was allowed to proceed on the following claims:

**Count 5:** Fourteenth Amendment claim against Reynolds for subjecting Plaintiff to a serious risk of harm to his health or safety when she approved Inmate Summers as an inmate trustee while a "keep separate order" from Plaintiff was in effect sometime before July 15, 2021.

**Count 6:** Fourteenth Amendment claim against Crowson, Bandit, Gibbs, and Etherton for failing to protect Plaintiff from a serious risk of harm when they moved Inmate Summers into the Jail's protective custody unit on July 15, 2021, just before Inmate Summers and others attacked Plaintiff.

**Count 7:** Fourteenth Amendment claim against Crowson and Reynolds for delaying or denying Plaintiff adequate medical treatment for the injuries he sustained in the inmate attack on July 15, 2021.

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 28).

**Count 10:** Fourteenth Amendment claim against Havens and Pinkerton for denying Plaintiff's requests for mental health care from July 22 until August 3, 2021.

(Doc. 23).

Thereafter, all defendants filed motions for summary judgment on the issue of exhaustion of administrative remedies (Docs. 48 and 49), and Plaintiff filed a renewed motion for recruitment of counsel (Doc. 60). While those motions were pending, Defendant Marilyn Reynolds filed a Suggestion of Bankruptcy and Notice of Stay ("Notice of Stay") (Doc. 65), seeking a finding that proceedings in this case are automatically stayed or should be stayed under the Court's inherent authority. The Court will first address the issue of staying and then turn to Plaintiff's motion for recruitment of counsel.

**Suggestion of Bankruptcy and Notice of Stay (Doc. 65)**

In her Notice of Stay, Reynolds advises the Court that on November 11, 2024, Wellpath, LLC ("Wellpath") filed a Voluntary Petition for Non-Individuals Filing Bankruptcy for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division), commencing Case No. 24-90563ARP. (Doc. 65-1). Wellpath, which is not a party in this action, was Reynolds' employer at all times relevant to the Amended Complaint. (Doc. 65, p. 1). Despite Wellpath not being a named party, Reynolds argues that proceedings in this case are automatically stayed pursuant to 11 U.S.C. § 362(a) and the Amended Interim Order Enforcing the Automatic Stay (the "Stay Order," Doc. 65-2) that the Bankruptcy Court entered on November 12, 2024. Alternatively, Reynolds argues that this Court should exercise its inherent authority and stay proceedings in view of the fact that the bankruptcy court is likely to clarify that the automatic stay extends to her. No response or objection has been filed to the Notice of Stay.

*Automatic Stay under 11 U.S.C. § 362(a) and the Stay Order*

First, Reynolds argues that proceedings in this case are automatically stayed pursuant to 11 U.S.C. § 362(a) and the Stay Order. The basis of Reynolds' argument is that the claims against her arise out of her provision of medical services to Plaintiff in her respective capacity as an employee of Wellpath. As such, she alleges that Wellpath is required to defend and indemnify her in this matter.

Section 362 of the Bankruptcy Code provides for the staying of several proceedings upon filing of a voluntary petition under Chapter 11 of Title 11 of the United States Code. The two relevant subsections are the following:

1. "[T]he commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the case under this title, or to recover a claim against the [D]ebtor that arose before the commencement of the case under this title;

   . . .

3. [A]ny act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]

11 U.S.C. § 362(a).

In addition, the Stay Order provides that certain lawsuits in which Wellpath is named as one of the defendants are stayed in their entirety, including claims against Wellpath's co-defendants, on an interim basis, pursuant to Section 362 of the Bankruptcy Code. (Doc. 65-2, p. 3). Reynolds does not dispute that the Stay Order does not directly address actions in which Wellpath is not a named defendant, as the one at bar. (Doc. 65, p. 3). She argues, however, that automatic stay under 11 U.S.C. § 362(a) extends to this case under both relevant subsections of Section 362(a) because Wellpath is required to defend and indemnify Reynolds. The Court will address each subsection in order.

11 U.S.C. § 362(a)(1)

Reynolds' first basis for staying proceedings is the first subsection of Section 362 of the Bankruptcy Code. The Seventh Circuit has clarified that the automatic stay under this subsection principally protects only the debtor and does not extend to non-bankrupt third parties. *See Pitts v. Unarco Indus., Inc.*, 698 F.2d 313, 314 (7th Cir. 1983) ("The clear language of Section 362(a)(1) thus extends the automatic stay provision only to the debtor filing bankruptcy proceedings and not to non-bankrupt co-defendants."); *Fox Valley Constr. Workers v. Pride of the Fox Masonry & Expert Restorations,* 140 F.3d 661, 666 (7th Cir. 1998); *In re Aearo Techs. LLC*, 642 B.R. 891, 904–05 (Bankr. S.D. Ind. 2022) (Section 362(a)(1), while broad, generally protects only the debtor, not non-bankrupt co-debtors).

Reynolds first cites the Seventh Circuit's *Fox Valley* decision, where the court stated that an automatic stay under 11 U.S.C. § 362(a)(1) can extend to third parties where "the debtor and [the] third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." *Fox Valley*, 140 F.3d at 666. There, a retirement fund sued Pride of the Fox Masonry and Expert Restorations ("Pride of the Fox") to recover delinquent contributions. *Id.* at 663. Following a series of events that the court described as "legal maneuvering to dodge the authority of courts and avoid paying retirement contributions," the retirement fund moved for sanctions against Pride of Fox and its attorney. *Id.* at 664. While the motion was pending, Pride of Fox filed for bankruptcy, which resulted in an automatic stay of the proceedings of the claims against it. *Id.* The attorney then argued that the district court had no jurisdiction to hear the motion for sanctions because the automatic stay was extended to the attorney, who was also Pride of Fox's registered agent. *Id.* at 666. The Seventh Circuit first

clarified that the automatic stay principally protects only the debtor but recognized that this rule can be bent when "the debtor and some third party have such a similarity of interests that failure to protect the third party will mean that the assets of the debtor itself will fall into jeopardy." *Id.* (citation omitted). Noting, however, that "the automatic stay does not touch proceedings to enforce a court order against non-bankrupt third parties," the court concluded that the automatic stay did not deprive the district court of jurisdiction to sanction the attorney because he did not have a financial or ownership relationship with Pride of the Fox other than being its attorney and registered agent. *Id.*

Reynolds relies heavily on the Fourth Circuit's decision in *In re A.H. Robins Co.* v. *Piccinin*, the seminal case applying the "identity of interest" exception discussed in *Fox Valley*. 788 F.2d 994, 999 (4th Cir. 1986). There, the Fourth Circuit found the extension of the automatic stay to non-debtor co-defendant appropriate under Section 362(a)(1) in actions "against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them." *Id.* While, however, *A.H. Robins* and its recognized exception to Section 362(a)(1) has been cited by the Seventh Circuit, thus far, the Circuit has not actually applied the exception to non-debtor third parties. *See In re Aearo Techs. LLC*, 642 B.R. 891, 904–05 (Bankr. S.D. Ind. 2022) (citing *Harley-Davidson Credit Corp. v. JHD Holdings, Inc.*, 19-cv-155jdp, 2020 WL 7078828 at *1 (W.D. Wis. Dec. 3, 2020); *In re Caesars Entm't Operating Co.*, 540 B.R. 637, 643 n.8 (Bankr. N.D. Ill. 2015)); *see also Zerand-Bernal Grp., Inc. v. Cox*, 23 F.3d 159, 162 (7th Cir. 1994) (noting that stay provision of section 362 of the Code are applicable to suits against the debtor but explaining that the bankruptcy court's jurisdiction may extend to suits to which the debtor is not a party but which may affect the amount of property in the bankrupt estate under

section 105 of the Bankruptcy Code). Notably in *In the Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991), the Seventh Circuit discussed the "identity of interest" exception recognized in *A.H. Robins* but declined to apply it, explaining that it should be reserved for special and unusual scenarios:

> In *Robins,* the Fourth Circuit was animated by the fear that allowing product liability actions to proceed against Aetna, Robins' insurer, despite the latter's bankruptcy, would harm the manufacturer of the Dalkon Shield by "reduc[ing] and diminish[ing] the insurance funds or pool represented in Aetna's policy in favor of Robins and thereby affect the property of the debtor to the detriment of the debtor's creditors as a whole." 788 F.2d at 1008. We recognize that in this case IBM's claim, if successful, will exhaust *all* of Fernstrom's insurance coverage for the year of the fire. However, under IBM's agreement to claim damages only to the limit of Fernstrom's liability coverage, its potential recovery against Fernstrom will not extend *beyond* the proceeds of Fernstrom's insurance policies. The parties agree that there are at present no other claimants to Fernstrom's insurance for the claims year 1979, and neither party has suggested that such claimants exist. We are not faced with the "unusual situation," 788 F.2d at 999, present in *Robins.*

*Matter of Fernstrom Storage & Van Co.,* 938 F.2d 731, 736 (7th Cir. 1991).

Here, Reynolds alleges that Wellpath has a duty to defend and indemnify her in this case. However, she does not offer any evidence of such duty. Wellpath's alleged duty to defend and indemnify Reynolds cannot be based on statute, given that *respondeat superior* is not an available theory of recovery under Section 1983. *See Shields v. Illinois Dep't of Corr.*, 746 F.3d 782, 789 (7th Cir. 2014). The Court assumes that the basis of the alleged duty is Wellpath's employment contract with Reynolds, but Reynolds has failed to provide a copy. In light of the Seventh Circuit's instruction that the "identity of interest" exception should be reserved for unusual situations and given Reynolds' failure to establish Wellpath's duty to indemnify her, the Court finds that Section 362(a)(1) does not automatically extend to this case.

11 U.S.C. § 362(a)(3)

Reynolds next argues that the automatic stay extends to this case under 11 U.S.C. § 362(a)(3), which provides for the automatic stay of "any act to obtain possession of property of the [bankruptcy] estate." 11 U.S.C. § 362(a)(3).   Unlike Section 362(a)(1), which principally extends only to debtors, Section 362(a)(3) stays proceedings relating to the bankruptcy estate. *Nat'l Tax Credit Partners v. Havlik*, 20 F.3d 705, 708 (7th Cir. 1994) (noting that Section 362(a)(3) "reaches farther, encompassing every effort to 'exercise control over property of the estate'"); *In re Aearo Techs. LLC*, 642 B.R. at 905–07 ("Whereas § 362(a)(1) extends only to a debtor, § 362(a)(3) . . . operates as a stay of "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." ).  Reynolds avers that inasmuch as this action implicates (and potentially reduces) the amount of available insurance to Wellpath, the Stay Order applies to this action.  She relies again on *A.H. Robins*, where the Fourth Circuit held that Section 362(a)(3) is one of "four independent grounds" on which a court could stay an action against a non-debtor third party.  *A.H. Robins.*, 828 F.2d at 1024.  Finding that the insurance policy constituted property of the bankruptcy estate, the Court in *A.H. Robins* concluded that an action against a non-debtor co-insured was automatically stayed under Section 362(a)(3).

Courts in this circuit have applied a two-step inquiry in determining whether a proceeding is stayed under Section 362(a)(3).  *In re Aearo Techs. LLC*, 642 B.R. 891, 905–07 (Bankr. S.D. Ind. 2022) (citing *In re Klarchek*, 508 B.R. 386, 395 (Bankr. N.D. Ill. 2014); *see also In re Lee*, 524 B.R. 798 (Bankr. S.D. Ind. 2014)).  The Court must first determine whether property of the Wellpath's bankruptcy estate is at issue and then decide whether this pending action is  "an action to obtain possession of, or exercise control over, the property in question."  *Id.*

The Seventh Circuit has clarified that the crucial question in "determining whether insurance proceeds are property of the estate is whether the debtor would have a right to receive and keep those proceeds when the insurer paid on a claim." *In re Stinnett*, 465 F.3d 309, 313 (7th Cir. 2006). "When a payment by the insurer cannot inure to the debtor's pecuniary benefit, then that payment should neither enhance nor decrease the bankruptcy estate. In other words, when the debtor has no legally cognizable claim to the insurance proceeds, those proceeds are not property of the estate." *Id.* In order, however, to make such a determination, the Court must be able to review and construe the relevant insurance policy. Here, Reynolds has failed to provide the Court with a copy of the relevant insurance policy, set forth the relevant provisions, or even identify the type of insurance policy at issue. Without reviewing the language of the relevant insurance policy, the Court cannot abstractly decide that any insurance proceeds would be property of the bankruptcy estate or that it would cover Wellpath's potential liability arising from its alleged duty to indemnify Reynolds.

Reynolds also cites *Swallow v. Corizon, LLC*, where the District Court for the Eastern District of Missouri found that the automatic stay under 11 U.S.C. § 362(a) extended to non-bankrupt defendants under circumstances similar to the ones before the Court. No. 4:18 CV 1045 JMB, 2023 WL 2967785, at *1 (E.D. Mo. Apr. 17, 2023). There, Swallow, an inmate, sued Corizon, a private provider of medical care to jail inmates, along with several of its individual employees, for violation of his civil rights. *Id.* at *1. Corizon petitioned for bankruptcy, and the bankruptcy court issued an automatic stay covering only Corizon and not explicitly extending to Swallow's action. *Id.* The district court found that the automatic stay extended to the non-debtor individual defendants in Swallow's action because Corizon was providing their defense and would

indemnify them in the event of a judgment. *Id.* The court specifically reasoned that extension of the automatic stay was justified because Corizon's insurance coverage would not kick in until Corizon paid its "self-insured retention," which Corizon was unable to do in light of the bankruptcy. *Id.*

Unlike in Swallow, however, here Reynolds has not alleged that Wellpath is self-insured and has not provided any specific evidence that Wellpath's alleged duty to defend and indemnify the claims against Reynolds would jeopardize the bankruptcy estate. Additionally, in *Swallow*, there was no dispute that Corizon had an obligation to pay for its former employee's defense and presumably indemnify them if a jury finds against them." *Swallow v. Corizon, LLC*, 4:18 CV 1045 JMB, 4 (E.D. Mo. Apr. 17, 2023). Here, on the other hand, Reynolds has failed to offer any evidence establishing Wellpath's duty to defend and indemnify her. Swallow is, therefore, readily distinguishable from this case. *See also Simmons v. Tehum Care Servs., Inc.*, No. 2:22-CV-4149-NKL, 2023 WL 3022516, at *2 (W.D. Mo. Apr. 20, 2023) (rejecting the extension of the automatic stay under Section 362(a) to actions against former employees of a prison health care contractor where there was no evidence of the contractor's duty to indemnify the employees). Accordingly, the Court **FINDS** that the automatic stay under Section 362(a)(3) and the Stay Order does not extend to proceedings in this case.

*Staying Proceedings Pursuant to the Court's Inherent Authority*

Alternatively, Reynolds asks the Court to exercise its inherent authority and stay proceeding on equitable grounds relying on *Cummins-Allison Corp. v. Data Fin. Bus. Servs., Inc.* No. 09-C-865, 2010 WL 11640228, at *1 (E.D. Wis. Aug. 23, 2010). There, Amro-Asian Trade, Inc. ("Amro"), the manufacturer of a currency counter device, and Data Financial, Inc., one of

Amro's distributors, were sued for patent infringement. *Id.* at *1. After the action was filed, the plaintiff filed an involuntary bankruptcy petition against Amro, resulting in an automatic stay in all judicial proceedings against it. Before the bankruptcy court, Amro moved to enjoin the plaintiff from prosecuting any claims against Data Financial because Amro was required to indemnify Data Financial pursuant to their distributorship agreement. Data Financial then moved the district court to stay proceedings against it pending the bankruptcy court's ruling on Amro's motion. The district court exercised its inherent authority and stayed proceedings to allow the bankruptcy court to determine whether a judgment against Data Financials would jeopardize the bankruptcy estate. *Id.*

Unlike in *Cummins-Allison*, here, Wellpath has not been a party in this action, and there is no indication that it is interested in staying the proceedings in this case. The Court further notes that the court's reasoning in *Cummins-Allison* is aligned with the weight of authority, which holds that requests for an extension of the automatic stay in this type of cases are more appropriately requested by the debtor and evaluated by the bankruptcy court. *See Lee v. RCN Corp.*, No. 03 C 5866, 2004 WL 2108577, at *1 (N.D. Ill. Sept. 20, 2004) ("The weight of authority holds that a request to extend a § 362 stay is to be filed in the court where the bankruptcy action is pending, and further, that the request is to be filed by the debtor.") (citation omitted). This is because the "[b]ankruptcy court is in the best position to evaluate the effect on the bankruptcy estate, if any, of litigation against a non-debtor[s]." *Id.* And because the bankruptcy provisions purport to protect the interests of the debtor, the request for an extension of the automatic stay to proceedings against third parties should preferably be filed by the debtor, whose interests are at stake. *Id.* Accordingly, in light of the limited record before it, the Court declines the invitation to exercise its inherent power to stay proceedings in this case.

For the reasons set forth above, the Court **FINDS** that proceedings in this case are not automatically stayed pursuant to 11 U.S.C. § 362(a) and the Stay Order. Further, the record before the Court does not justify the exercise of the Court's inherent power to stay proceedings. Defendant Reynolds' motion to stay is, therefore, **DENIED**.

**Plaintiff's Motion for Recruitment of Counsel (Doc. 60)**

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff, who proceeds in *forma pauperis*, states in his motion that he has been denied representation by four separate law firms, which are listed in his motion. (Doc. 60, pp. 1-2). Plaintiff attaches the refusal letter from one of the firms as well as a letter from his niece, who has been assisting him in efforts to obtain counsel on his own, and attests to Plaintiff's allegations. (*Id.* at 5-7). The Court finds that Plaintiff has made reasonable attempts to obtain counsel on his own.

Plaintiff, however, has not demonstrated an inability to prosecute this case on his own. Plaintiff, who is a college graduate, argues that recruitment of counsel is necessary because he does not have a legal background and education, he has limited access to legal resources due to

being incarcerated, and he is unable to obtain necessary discovery. (Doc. 60, p. 2 ). While the Court is sympathetic to Plaintiff's situation, those circumstances are not unique to Plaintiff and do not warrant recruitment of counsel. At this stage, discovery is limited to the issue of the exhaustion of administrative remedies, and the Court has directed Defendants to produce all relevant records to Plaintiff. Further, Plaintiff's filings thus far demonstrate his ability to effectively communicate with the Court and prosecute his case. (*See, e.g.*, Doc. 1, 2, 57, 58, 60). Accordingly, Plaintiff's Motion for Recruitment of Counsel (Doc. 60) is **DENIED without prejudice**. Plaintiff may renew his motion should circumstances change in the future.

## Conclusion

Based on the foregoing, the Court **FINDS** that proceedings in this case are not automatically stayed pursuant to 11 U.S.C. § 362(a) or the Stay Order. Further, the record before the Court does not justify the exercise of the Court's inherent power to stay proceedings. Defendant Reynolds' motion to stay (Doc. 65) is, therefore, **DENIED**. Plaintiff's Motion for Recruitment of Counsel (Doc. 60) is **DENIED without prejudice**. Defendants' motions for summary judgment on the issue of exhaustion of administrative remedies will be set for a hearing in a separate order.

**IT IS SO ORDERED.**

**DATED: January 13, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**