IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE LUIS LEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-1172-RJD |
| ) | |
| LT. PINKERTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

**DALY, Magistrate Judge[1]:**

This matter comes before the Court on Defendant Marilyn Reynolds' Updated Suggestion of Bankruptcy and Notice of Automatic Interim Stay (Doc. 67). Plaintiff Jorge Luis Leal filed this action against Reynolds (among other defendants) under 42 U.S.C. § 1983 for alleged constitutional deprivations during his pretrial detention at Williamson County Jail and specifically with respect to Reynolds' provision of medical services to Plaintiff. Reynolds previously filed a Suggestion of Bankruptcy and Notice of Stay (Doc. 65), advising the Court that on November 11, 2024, Wellpath, LLC ("Wellpath") filed a Voluntary Petition for Non-Individuals Filing Bankruptcy for relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Texas (Houston Division), commencing Case No. 24-90563ARP. While Wellpath is not a party in this action, Reynolds argued for an automatic

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 28).

stay pursuant to 11 U.S.C. § 362 or the Stay Order[2] because the claims against her arise out of her provision of medical services to Plaintiff in her capacity as an employee of Wellpath. On January 13, 2025, the Court entered an Order, finding that proceedings in this case were not automatically stayed under either 11 U.S.C. § 362(a) or the Stay Order. (Doc. 66). The Court further rejected Reynolds' request to stay proceedings on equitable grounds. (*Id.*).

Reynolds now filed an Updated Suggestion of Bankruptcy and Notice of Automatic Interim Stay (Doc. 67), wherein she advises the Court of the bankruptcy court's Stipulated and Agreed Amended Order that was entered on January 14, 2025 ("Amended Staying Order," Doc. 67-1). The Amended Staying Order expanded the scope and application of the automatic stay until February 18, 2025, as to claims and causes of action filed against Wellpath's current or former employees. (Doc. 67-1, pp. 3-4). The purpose of the expansion is to allow the opportunity to confirm and substantiate the scope and extent of Wellpath's indemnification obligations owed to those parties. (Doc. 67-1, pp. 3-4). The Amended Staying Order specifically provides in relevant part:

> Any claims or causes of action that have been or may be asserted against … current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025, to provide the Debtors the opportunity, as requested by the Statutory Unsecured Claimholders' Committee (the "Committee"), to confirm and substantiate the scope and extent of Debtors' indemnification obligations owed to these parties as well as any relevant insurance considerations.

*Id.*   The Amended Staying Order also extends to "[a]ny claims or causes of action that have

---

[2] The Stay Order refers to the bankruptcy court's Amended Interim Order Enforcing the Automatic Stay (Doc. 65-2).

been or may be asserted against any of the Debtors' current clients or customers or their current or former employees are stayed pursuant to section 362." Reynolds represents in her motion that she has been sued in her capacity as a 1) former or current employee of Wellpath or 2) current or former employee of a client or customer of Wellpath.

Accordingly, pursuant to the Amended Staying Order, the Court hereby **STAYS** proceedings in the claims and causes of action Plaintiff asserts against Reynolds until **February 18, 2025**. The Court further **ORDERS** Reynolds to file a status report with the Court by **February 21, 2025**, addressing the status of the bankruptcy proceeding. The Court notes that the Amended Staying Order does not refer to the claims against co-defendants of Wellpath's current or former employees. However, for purposes of judicial economy, the Court will postpone the hearing on the IDOC Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies until receipt of Reynolds' status report.

**IT IS SO ORDERED.**

**DATED: January 22, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**