IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE LUIS LEAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-cv-1172-RJD |
| ) | |
| LT. PINKERTON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court on Plaintiff's Motion to Continue (Doc. 84) and Defendant Reynolds' Motion for Judgment on the Pleadings (Doc. 87). Plaintiff Jorge Luis Leal filed this action under 42 U.S.C. § 1983, alleging constitutional deprivations during his pretrial detention at Williamson County Jail. (Doc. 20). Following threshold review of the First Amended Complaint under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed on the following claims:

**Count 5:** Fourteenth Amendment claim against Reynolds for subjecting Plaintiff to a serious risk of harm to his health or safety when she approved Inmate Summers as an inmate trustee while a "keep separate order" from Plaintiff was in effect sometime before July 15, 2021;

**Count 6:** Fourteenth Amendment claim against Crowson, Bandy, Gibbs, and Etherton for failing to protect Plaintiff from a serious risk of harm when they moved Inmate Summers into the Jail's protective custody unit on July 15, 2021, just before Inmate Summers and others attacked Plaintiff;

**Count 7:** Fourteenth Amendment claim against Crowson and Reynolds for delaying or denying Plaintiff adequate medical treatment for the injuries he sustained

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 64).

Page **1** of **7**

        in the inmate attack on July 15, 2021; and

**Count 10:**    Fourteenth Amendment claim against Havens and Pinkerton for denying Plaintiff's requests for mental health care from July 22 until August 3, 2021.

(Doc. 23, pp. 5-10).

For the reasons set forth below, Plaintiff's Motion to Continue (Doc. 84) and Defendant Reynolds' Motion for Judgment on the Pleadings (Doc. 87) are DENIED without prejudice.

**Plaintiff's Motion to Continue (Doc. 84)**

On July 25, 2025, the Court set this matter for an evidentiary hearing on August 21, 2025, as to Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies. (Doc. 48). On August 11, 2025, Plaintiff filed a motion asking the Court to continue proceedings in this case until his anticipated release from custody on October 15, 2025. (Doc. 84). Courts have broad discretion when ruling on motions to continue. *United States v. Egwaoje*, 335 F.3d 579, 587–88 (7th Cir. 2003) ("A district court's exercise of its discretion in scheduling trials and granting or denying continuances is 'almost standardless.'") (internal citation omitted)). Factors the Court may consider include the parties' advanced knowledge of the schedule, the likelihood of prejudice, the complexity of the case, and any "inconvenience and burden" to the court and parties. *Ruark v. Union Pac. R.R. Co.*, 916 F.3d 619, 630 (7th Cir. 2019) (citing *Egwaoje*, 335 F.3d at 587–88). The Seventh Circuit has further explained that "denying a motion to continue when parties have had ample time to prepare does not violate due process." *Bustos-Millan v. Garland*, 111 F.4th 841, 845 (7th Cir. 2024) (internal citation omitted).

Here, Plaintiff asks that this case be continued for two reasons, both of which stem from his recent transfer to protective custody on July 1, 2025, due to ongoing harassment by gang members in Forrest City Low Federal Correctional Institution. He alleges that since his transfer,

he has not had access to his legal documents to prepare for the upcoming evidentiary hearing. He further asserts that he is suffering from post-traumatic stress disorder, which inhibits his ability to participate in the hearing.

The Court finds that the Plaintiff's asserted reasons could potentially justify continuance of the upcoming evidentiary hearing. However, there are also compelling reasons to deny the motion. This case was filed more than three years ago, and Defendants' motion has been pending for over a year. Defendants filed their motion for summary judgment on April 1, 2024, and the motion was fully briefed by May 6, 2024. (Docs. 48 & 58). However, while the motion was still pending, this case was reassigned to the undersigned, and thereafter, on December 18, 2024, the case was stayed due to ongoing bankruptcy proceedings affecting Defendant Reynolds. (Docs. 64, 65, & 68). Thus, no merit discovery has been conducted despite the case being filed over three years ago. The Court is also reluctant to grant a continuance until after Plaintiff's release from custody since his release could result in further delays due to changes of address and additional hurdles in his communication with the Court. Additionally, the upcoming hearing will not be particularly complex. Plaintiff will only have to testify as to whether the grievance process was available to him while at Williamson County Jail and what efforts he made to comply with it. Plaintiff is also not unfairly surprised since this motion has been pending for over a year, and he had the opportunity to review it and file a response.

Accordingly, the Court finds it appropriate to deny without prejudice Plaintiff's motion to continue. The Court will proceed with the evidentiary hearing on August 21, 2025, at 11:00 a.m. If, during the hearing, it becomes apparent that Plaintiff cannot meaningfully participate in the hearing or that an additional hearing may be necessary to resolve any factual disputes, the Court

will reconsider Plaintiff's motion and provide any relief that it deems just and proper at that time. Therefore, Plaintiff's Motion to Continue (Doc. 84) is **DENIED without prejudice**.

**Reynolds' Motion for Judgment on the Pleadings (Doc. 87)**

On January 22, 2025, the Court temporarily stayed proceedings in this case pursuant to an order of the United States Bankruptcy Court for the Southern District of Texas (Houston Division), in *In re Wellpath Holdings, Inc.*, Case 24-90533. (Doc. 68). Plaintiff's claims against Reynolds fell within the scope of the bankruptcy Court's staying order due to Reynolds being an employee of Wellpath at all times relevant to the Complaint. (Doc. 68, pp. 2-3). On May 21, 2025, Reynolds filed an Updated Status Report (Doc. 76) advising that the automatic stay expired on May 8, 2025. (Doc. 76, p. 2). She further represented that the Plan would release Plaintiff's claims against Reynolds unless Plaintiff elected to opt out of the third-party releases by July 30, 2025. (Doc. 76, p. 3). Reynolds cited Article IX (D) of the Plan, which provides that

> "[t]o the fullest extent permissible under applicable law, *other than in the case of willful misconduct, gross negligence, or actual fraud* (but not, for the avoidance of doubt, Avoidance Actions), each of the Releasing Parties shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged each Released Party from any and all claims, interests, damages, remedies, causes of action, . . . based on or relating to, or in any manner arising from, in whole or in part, . . . [Wellpath's] business operations . . . .
>
> . . .
>
> Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval, pursuant to Bankruptcy Rule 9019, of the Third-Party Release, which includes by reference each of the related provisions and definitions contained in this Plan, and, further, shall constitute the Bankruptcy Court's finding that the Third-Party Release is: (1) consensual; (2) essential to the confirmation of the Plan; (3) given in exchange for the good and valuable consideration provided by the Released Parties, including the Released Parties' contributions to facilitating the Restructuring Transactions and implementing the Plan; (4) a good faith settlement and compromise of the Claims released by the Third-Party Release; (5) in the best interests of the Debtors and their Estates; (6) fair, equitable, and reasonable; (7)

> given and made after due notice and opportunity for hearing; and (8) a bar to any of the Releasing Parties asserting any claim or Cause of Action of any kind whatsoever released pursuant to the Third-Party Release. *Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release* (1) any post-Effective Date obligations of any party or Entity under the Plan, the Confirmation Order, any Restructuring Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, including any Claim or obligation arising under the Plan, (2) any Liquidating Trust Cause of Action, (3) any Retained Cause of Action, (4) if the H.I.G. Settlement Motion is not approved by a Final Order, H.I.G. Causes of Actions, (5) any Claims or Causes of Action against any Professional Corporation, or *(6) any individual from any Claim or Cause of Action related to an act or omission that constitutes actual fraud, willful misconduct, or gross negligence.*

(Doc. 76-1, pp. 132-133) (emphasis added).

The Court thereafter lifted the temporary stay and directed Reynolds to file a status report by August 4, 2025, advising whether Plaintiff had opted out of the Third-Party Releases outlined in Article IX.D of the Bankruptcy Plan. (Doc. 77). It further directed the parties that, unless Plaintiff had timely opted out of the Third-Party Releases, they were required to brief the Court by **August 18, 2025**, as to the following issues:

(1) Whether Reynolds qualifies as a Released Party for the purposes of Article IX.D of the Plan;

(2) Whether Plaintiff qualifies as a Releasing Party for the purposes of Article IX.D of the Confirmation Order;

(3) Whether Plaintiff's Fourteenth Amendment claims against Reynolds asserted in Counts 5 and 7 of the First Amended Complaint are not subject to release and discharge under Article IX.D of the Plan as "Claim[s] or Cause[s] of Action related to an act or omission that constitutes actual fraud, willful misconduct, or gross negligence." *See Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994) ("With deliberate indifference lying somewhere between the poles of negligence at one end and purpose or knowledge at the other, the Courts of Appeals have routinely equated deliberate indifference with recklessness."); *Peoples v. Cook Cnty.*, 128 F.4th 901, 909 (7th Cir. 2025) ("Deliberate indifference requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk."); and

    (4) Any implication in the Third-Party Release under Article IX.D of the Plan pursuant to *Harrington v. Purdue Pharma L. P.*, 603 U.S. 204, 226, 144 S. Ct. 2071, 2087, 219 L. Ed. 2d 721 (2024).

(Doc. 77, p. 6).

    By August 11, 2025, Reynolds had not yet filed a status report as to whether Plaintiff had opted out of the Third-Party Releases, and the Court entered an Order to Show Cause for her failure to comply with the Court's prior Order (Doc. 77). (Doc. 83). On August 12, 2025, Reynolds' counsel filed an updated status report advising that Plaintiff had not timely opted out and further providing an adequate explanation for the failure to comply with the Court's Order (Doc. 77). (Doc. 86). Accordingly, the Court finds that the Order to Show Cause (Doc. 83) is **SATISFIED**.

    Furthermore, in lieu of a brief addressing the specific issues outlined in Order (Doc. 77), Reynolds filed a Motion for Judgment on the Pleadings, asking that Plaintiff's claims against Reynolds be dismissed with prejudice due to Plaintiff's failure to timely opt out of the Third-Party Releases. (Doc. 87). While the motion addresses whether Reynolds qualifies as a Released Party and Plaintiff qualifies as a Releasing Party for purposes of Article IX.D of the Plan, it fails to address whether Plaintiff's claims against Reynolds are excluded from the third-party release and discharge provisions as claims "related to an act or omission that constitutes . . . willful misconduct, or gross negligence."

    It is well established that claims for deliberate indifference, the type of claims Plaintiff asserts against Reynolds, fall "somewhere between the poles of negligence at one end and purpose or knowledge at the other," with the Seventh Circuit "routinely equat[ing] deliberate indifference with recklessness." *See Farmer v. Brennan*, 511 U.S. 825, 836, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994); *Peoples v. Cook Cnty.*, 128 F.4th 901, 909 (7th Cir. 2025) ("Deliberate indifference

requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk."). By not addressing this issue, Reynolds failed to carry her burden of establishing that Plaintiff's claims against her are discharged pursuant to Article IX (D) of the Plan. Accordingly, her Motion for Judgment on the Pleadings (Doc. 87) is summarily **DENIED without prejudice**. Reynolds is granted leave to renew her motion by September 15, 2025, provided that she specifically addresses why Plaintiff's claims against her are not excluded from the third-party release provision of the Plan as claims of "*willful misconduct or gross negligence*."

## Conclusion

For these reasons, Plaintiff's Motion to Continue (Doc. 84) and Defendant Reynolds' Motion for Judgment on the Pleadings (Doc. 87) are **DENIED without prejudice**. Defendant Reynolds is granted leave to renew her motion by September 15, 2025, in accordance with this Order.

**IT IS SO ORDERED.**

**DATED: August 15, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**