## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JORGE LUIS LEAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-01172-RJD |
| | ) | |
| PINKERTON, et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXTEND DISCOVERY

Plaintiff Jorge L. Leal respectfully submits this Reply in support of his Motion to Extend Discovery and Related Scheduling Deadlines.

## I. INTRODUCTION

This is not a case where a party seeks delay. This is a case where discovery cannot be completed.

Despite Plaintiff's diligence, discovery remains incomplete, material disputes are ongoing, and a Motion to Compel has now been filed. Critical evidence—including witness testimony and third-party medical and psychological records—has not yet been obtained and cannot be secured within the current schedule.

Defendants' opposition attempts to minimize these issues, but it does not dispute the central facts: discovery is ongoing, disputes remain unresolved, and additional time is required to ensure that this case is decided on a complete and accurate record.

Under Rule 16, that is good cause.

1

## II. DEFENDANTS MISCHARACTERIZE THE BASIS FOR PLAINTIFF'S MOTION

Defendants argue that Plaintiff's request is based solely on a Rule 37 deficiency letter. This is incorrect.

Plaintiff's motion is based on multiple independent grounds demonstrating good cause, including:

- ongoing and unresolved discovery disputes;
- the need to review Defendants' supplemental responses;
- the necessity of filing and resolving a motion to compel; and
- the need to obtain additional evidence essential to Plaintiff's claims.

These circumstances establish that discovery cannot reasonably be completed within the current deadlines.

## III. DISCOVERY DISPUTES REMAIN ACTIVE AND UNRESOLVED

Defendants' own timeline confirms that discovery disputes are ongoing.

Plaintiff served a detailed Rule 37 deficiency letter. Defendants did not respond until July 27, 2026—the same date they filed their opposition.

As a result, Plaintiff has not yet had a meaningful opportunity to:

- review Defendants' response;
- assess whether deficiencies remain; or
- determine whether further judicial intervention is required.

2

Plaintiff has now mailed his Motion to Compel Discovery. Resolution of that motion will necessarily require additional time.

The existence of active discovery disputes and a pending motion to compel constitutes good cause to extend discovery.

## IV. DEFENDANTS' ASSERTION THAT DISCOVERY IS COMPLETE IS DISPUTED

Defendants assert that they have produced all responsive materials. Plaintiff disputes this.

As set forth in Plaintiff's Motion to Compel, existing evidence demonstrates that additional responsive records exist or existed but were not produced, including:

- communications between Plaintiff's attorney and jail officials;

- mental health assessment records;

- medical evaluations following the assault; and

- records reflecting institutional responses and investigations.

These unresolved issues further support the need for additional time.

## V. PLAINTIFF WAS PREJUDICED BY THE TIMING OF DISCOVERY

Defendants proceeded with Plaintiff's deposition before Plaintiff received and reviewed complete discovery responses, despite Plaintiff's objection.

As a result, Plaintiff was required to testify without access to potentially critical documents. This prejudiced Plaintiff's ability to prepare and further supports the need for additional time to complete discovery fairly.

3

## VI. ADDITIONAL DISCOVERY CANNOT BE COMPLETED WITHOUT AN EXTENSION

In addition to the ongoing disputes, Plaintiff must obtain critical evidence, including:

- declarations from potential witnesses;

- medical and psychological records from third-party institutions; and

- additional documentation through subpoenas.

These materials are essential to Plaintiff's claims and damages.

Plaintiff is indigent and has been unable to work due to ongoing mental health conditions for which he has received treatment since his release. He relies on family support for basic needs and lacks the financial resources necessary to obtain records, issue subpoenas, or secure witness declarations without assistance.

These limitations are precisely why Plaintiff has moved for recruitment of counsel.

Plaintiff has pursued discovery diligently to the full extent of his ability. What remains requires resources beyond his capacity. Without an extension, Plaintiff will be unable to obtain critical evidence.

## VII. PLAINTIFF HAS ACTED DILIGENTLY

Plaintiff has acted diligently throughout discovery:

- he agreed to Defendants' requested extension in good faith;

- he promptly reviewed discovery upon receipt;

- he initiated the Rule 37 meet-and-confer process; and

4

- he filed both this motion and a motion to compel when necessary.

This is not delay—it is diligent litigation under constrained circumstances.

## VIII. LEGAL STANDARD SUPPORTS EXTENSION FOR GOOD CAUSE

Under Rule 16(b)(4), a scheduling order may be modified for good cause. The primary consideration is diligence.

*Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005).

Modification is appropriate where deadlines cannot reasonably be met despite diligent efforts.

*Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011).

Courts have broad discretion to manage discovery and ensure full development of the record.

*Kalis v. Colgate-Palmolive Co.*, 231 F.3d 1049, 1057 (7th Cir. 2000).

Discovery rulings should promote resolution on the merits.

*Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006).

Courts also consider whether denial would result in prejudice.

*King v. Ford Motor Co.*, 872 F.3d 833, 838 (7th Cir. 2017).

5

Here, Plaintiff has demonstrated diligence, ongoing disputes, and the inability to complete discovery within the current schedule. Denial would prevent Plaintiff from obtaining essential evidence and result in clear prejudice.

## IX. AN EXTENSION IS NECESSARY TO PREVENT PREJUDICE

Absent an extension, Plaintiff will be forced to proceed with incomplete discovery while Defendants benefit from a limited record.

Plaintiff will be denied the opportunity to:

- obtain key records;

- secure witness testimony; and

- fully develop the factual basis of his claims.

This would result in clear and substantial prejudice.

The requested extension is reasonable and necessary to ensure a fair resolution on the merits.

## X. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Extend Discovery and Related Scheduling Deadlines.

Respectfully submitted,

**/s/Jorge Luis Leal**                                      Executed: July 31, 2026
Plaintiff, Pro Se

## CERTIFICATE OF SERVICE

I certify that on this 1st day of August, 2026, I served a copy of the foregoing **Plaintiff's Reply In Support Of Motion To Extend Discovery** upon counsel for Defendants by mail.

**/s/ Jorge Luis Leal**
JORGE LUIS LEAL

Jorge Leal
1286 Wind Crest Dr.
Union City, TN 38261



Clerk
US District Court
750 Missouri Ave.
East St. Louis, IL 62201

